**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CHRISTOPHER LANE,

Plaintiff,

v.

TOWNSQUARE MEDIA, INC.,

Defendant.

**Case No.:**

## COMPLAINT AND JURY DEMAND

Plaintiff Christopher Lane ("Mr. Lane" or "Plaintiff"), by his undersigned attorneys, Duane Morris LLP, for his Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff Christopher Lane is an international photographer who resides at The Lookout, Boode Road, Braunton EX33 2NW, United Kingdom.

3. Defendant Townsquare Media, Inc. is the successor-in-interest to Townsquare Media LLC, which was the successor-in-interest to XXL Mag ("Defendant"). Defendant has a principal place of business at 240 Greenwich Avenue, Greenwich, CT 06830. Defendant owns and operates numerous local radio stations and national radio programs. At all times relevant to

the claims asserted in this lawsuit, Defendant owned and operated i95 FM, a radio station in Connecticut, and the website used to promote that station.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

7. Plaintiff is noted for his iconic documentary and portrait photography, including portraits of celebrities. Among the many stylized and valuable photographs of celebrities he has taken, Lane is the original author of a photographic image of actress and model Mila Kunis (the "Copyrighted Work"). Attached hereto as **Exhibit A** is a copy of the original photographic image that is the Copyrighted Work.

8. On June 29, 2012, Lane obtained a registration with the United States Copyright Office for the photographic work entitled Mila_Kunis_012.jpg. Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VA 1-833-167 obtained from the United States Copyright Office.

**B. Defendant's Unlawful Activities**

9. In August of 2014, Mr. Lane discovered that Defendant was infringing Lane's exclusive copyright in the Copyrighted Work.

10. Specifically, Mr. Lane discovered the Timely Registered Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following website URL's:

- http://i95rocks.com/files/2013/08/MilaKunis2.jpg; and
- http://i95rocks.com/93891/.

11. Copies of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work are attached hereto as **Exhibit C**.

12. Defendant's unauthorized reproduction, distribution, and public display of the Copyrighted Works shall be referred to hereinafter as the Infringing Works.

13. Defendant created and used the Infringing Works for the commercial purposes of promoting its radio station to the public and profiting from the advertising revenue generated by its website. Defendant sought, and has, profited from the Infringing Works, with the intention of not paying the Plaintiff for a license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Work.

14. On information and belief, Defendant, by and through the radio stations and promotional websites that it owns and operates, has similarly taken for its own commercial use and profit the photographic images created by others, without authorization and without compensation being paid. Defendant's repeated and multiple acts of copyright infringement suggest that it is a business practice or policy of the Defendant to take copyright materials created by others and convert them to its own commercial use without paying any compensation,

forcing copyright owners to discover the infringement and take action to challenge it, only to then cease use of their works while still refusing to pay any compensation.

15. On information and belief, because the Defendant is a media company that creates and protects its own copyright materials, it has a sophisticated knowledge of U.S. copyright laws and protections.

16. On information and belief, because of its own experience in creating and protecting its own copyright materials, Defendant is aware that the copyrights in photographs that Defendant may find on the internet are owned by either the original photographer or its assignee or exclusive licensee, and that Defendant may not simply appropriate photographs found on the internet for its own commercial use without paying compensation to the owners of those copyrights.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

17. Plaintiff realleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

18. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Mr. Lane owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

19. Upon information and belief, as a result of Lane's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Timely Registered Copyrighted Work prior to the creation of Defendant's Infringing Works.

20. By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, reproducing the Copyrighted Work without permission and distributing and publicly displaying the Infringing Works.

21. Upon information and belief, Defendant's infringement of Plaintiff's copyrights has been willful and deliberate and Defendant has profited at the expense of Plaintiff.

22. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits connected to its uses of the Infringing Works, pursuant to 17 U.S.C. § 504(b).

23. In the alternative, and at Plaintiff's election, Plaintiff is entitled to an award of statutory damages, up to an maximum amount of $150,000, as a result of Defendant's willful infringement of the Copyrighted Work, or up to an maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

24. Plaintiff is entitled to an award of his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

25. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Works in violation of the Copyright Act;

2. A declaration that such infringement has been willful;

3. An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. §§ 504(c);

4. Awarding Plaintiff his costs and expenses incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

5. Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums;

6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

(b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work or Infringing Works..

7. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: July 15, 2016

Respectfully Submitted

**DUANE MORRIS LLP**

/s/ *Oderah C. Nwaeze*

Oderah C. Nwaeze (I.D. No. 5697)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Tel: (302) 657-4900
Fax: (302) 657-4901
onwaeze@duanemorris.com

Steven M. Cowley*
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel.: (857) 488-4261
smcowley@duanemorris.com
**Pro Hac Vice* Application to be submitted

*Attorneys for Plaintiff*
*Christopher Lane*